[Cite as *Caruthers v. Univ. of Akron*, 2009-Ohio-7149.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT TODD CARUTHERS

    Plaintiff

    v.

UNIVERSITY OF AKRON

    Defendant

    Case No. 2009-06141-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} Plaintiff, Robert T. Caruthers, filed this action against defendant, University of Akron (Akron), contending his 2008 GMC Envoy was damaged by a malfunctioning traffic gate arm while he was attempting to exit a parking lot on defendant's campus. Plaintiff recalled he was pulling out of Lot #70 at approximately 5:30 p.m. on June 18, 2009 and used his key card to operate the gate arm at the Lot #70 exit. Plaintiff related when the gate arm raised, "I started to proceed and all of a sudden the arm crashed down on the top of the drivers door." On June 19, 2009, plaintiff filed an "Accident Report" of the property damage incident with defendant's police department. Plaintiff filed this complaint seeking to recover damages for automotive repair and car rental expenses in the amount of $408.32. Plaintiff acknowledged in his complaint that he carries insurance coverage for automotive property damage with a $250.00 deductible provision. Pursuant to R.C. 2743.02(D) and R.C. 3345.40(B)(2)[1], plaintiff's damage claim is limited to his insurance coverage

_____

[1] R.C. 2743.02(D) states:

deductible.  Plaintiff submitted the $25.00 filing fee and requested reimbursement of that cost along with his damage claim.

{¶ 2}  Defendant denied liability in this matter based on the contention that no Akron personnel had any knowledge of a malfunction traffic gate arm at Lot #70 prior to plaintiff's stated incident.  Defendant denied the gate arm was not properly maintained and asserted regular inspections are conducted to assure traffic gate arms at all Akron parking lots operate properly.  Defendant explained the Akron Parking Services Department, the entity responsible for maintenance and inspection of the traffic gate arms at parking lots, tested the gate arms at Lot #70 with no resulting gate malfunctions noted.  Defendant stated the Parking Services Department "has had no previous reports of the exit parking gates not operating properly."  Defendant argued plaintiff has failed to produce evidence to establish his vehicle was damaged by a malfunctioning gate arm at a parking lot exit under Akron maintenance responsibility.

{¶ 3}  Defendant submitted an affidavit from James Collinson, the Field Service Supervisor of the Akron Parking Services Department.  Collinson offered an explanation of the operation of the parking lot exit gates at Lot #70 noting:  "[t]he gates on this parking lot are activated by touch plate cards that once made in contact with a panel (at least 6 feet in front of the gate) raise the gate arm."  According to Collinson, the gates at Lot #70 have sensors on the gate and the ground and "[t]he way the system is configured, the gate arm should only come down when a vehicle has cleared the arm."  Collinson related he "personally tested the gates" at Lot #70 after plaintiff's reported

---

"(D) Recoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award, or other collateral recovery received by the claimant.  This division does not apply to civil actions in the court of claims against a state university or college under the circumstances described in section 3345.40 of the Revised Code.  The collateral benefits provisions of division (B)(2) of that section apply under those circumstances."
R.C. 3345.40(B)(2) states in pertinent part:
"If a plaintiff receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of benefits shall be deducted from any award against the state university or college recovered by

incident and "[a]t no time during my testing of the gate arm did it malfunction." Collinson further related his tests were conducted while driving a vehicle at varying rates of speed. Collinson denied receiving any prior complaints about a malfunctioning gate arm at Lot #70 and pointed out the lot is inspected for defects on "a regular basis."

{¶ 4} Plaintiff filed a response insisting his 2008 GMC Envoy received body damage on June 18, 2009 from a malfunctioning gate arm located at the exit of a parking lot maintained by defendant. Plaintiff reiterated he used his key card to activate the gate arm, the arm then raised, and as he started to drive out of the parking lot the gate descended striking his vehicle.

{¶ 5} Plaintiff asserted two other individuals sustained damage to their vehicles from malfunctioning gate arms at parking lot exists located on defendant's premises. Plaintiff submitted a letter dated September 23, 2009 signed by an individual identified as Tom Doll who communicated with Jim Stafford, Akron Director of Parking Services. In this letter Doll referred to the fact his vehicle was dented by a malfunctioning gate arm seemingly at some parking lot operated by Akron. Plaintiff maintained Doll's vehicular damage incident occurred at Lot #70. Doll's letter does not designate a location, but does reference a conversation between Doll and Jim Stafford regarding a gate not working. Plaintiff also submitted a copy of an incident report in which an Akron Professor, identified as Lisa A. Lenhart, reported to the University of Akron Police Department damage to her 2006 Hyundai Sonata from a malfunctioning traffic gate arm at an Akron parking lot exit. The incident report filed July 17, 2009 lists the parking lot location as 135 South Broadway, North Lot. Plaintiff noted he spoke with Akron employee Jim Stafford on September 30, 2009, and Stafford admitted there have been incidents where traffic gate arms at defendant's parking lots have malfunctioned. Plaintiff asserted he was told by Stafford that two other incidents regarding malfunctioning gates were reported from June 18, 2009 to July 21, 2009.

_____

the plaintiff."

**{¶ 6}**   Plaintiff submitted photographs depicting the damage to his vehicle and the traffic gate arm at Lot #70.  The photographs of the gate arm show damage in the form of scratches and gouges.  The damage to plaintiff's vehicle that is depicted is consisted with damage resulting from the vehicle being struck with a malfunctioning gate arm.

CONCLUSIONS OF LAW

**{¶ 7}**   1)    The traffic gate and the mechanism which governs it is under the exclusive control of defendant.  Thus, defendant will be liable for any malfunction which causes damage.  *Han v. Traffic Department, Ohio State University* (1981), 81-04575-AD.

**{¶ 8}**   2)    However, plaintiff has the burden of proving, by a preponderance of the evidence, that the particular traffic gate malfunctioned during normal and intended use.  *Saunders v. The Ohio State University* (1993), 93-05245-AD.  To make such a showing, plaintiff must produce sufficient evidence or documentation to satisfy the trier of fact.  *Saunders.*

**{¶ 9}**   3) After review of the plaintiff's complaint, the defendant's investigation report and other evidence in the case file, the court makes the following determination.  The court concludes plaintiff has proven his vehicle was damaged by a malfunctioning traffic gate arm located on the premises of the defendant.  *Consortium Communications, Inc. v. Ohio Department of Youth Services* (2002), 2002-01420-AD.  Therefore, defendant is liable to plaintiff for damages of $250.00, plus the $25.00 filing fee, which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


ROBERT TODD CARUTHERS

    Plaintiff

    v.

UNIVERSITY OF AKRON

    Defendant

     Case No. 2009-06141-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE
DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $275.00, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert Todd Caruthers                M. Celeste Cook
1643 11th Street                     Associate Vice President and
Cuyahoga Falls, Ohio  44221          Assistant General Counsel
                                     302 Buchtel Mall
                                     Akron, Ohio  44325-4706

RDK/laa
10/21
Filed 11/10/09
Sent to S.C. reporter 2/25/10